UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE FELDER | : | PRISONER |
| | : | Case No. 3:12cv649 (JCH) |
| v. | : | |
| | : | MAY 4, 2012 |
| COMMISSIONER | : | |

## ORDER

The petitioner, Bruce Felder, currently confined at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his October 2004 state court conviction for robbery in the first degree and larceny in the third degree.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005). Once the exhaustion process is complete, he may file a federal habeas action.

The petitioner included only one claim in his petition, ineffective assistance of counsel. He states that he raised this claim in a state habeas action and appealed the denial of his petition to the Connecticut Appellate Court. The petitioner attaches to his Petition a copy of his petition for certification to the Connecticut Supreme Court. The

petition is dated April 9, 2012.  See Dkt. No. 1 at 65.  He does not indicate in his federal petition, however, that the Connecticut Supreme Court ruled on the petition before he commenced this action.  Further, there is no reported decision on the petition for certification.  Thus, the petitioner has not fully exhausted his state court remedies.

The Second Circuit has held that the court should not dismiss a federal habeas petition sua sponte without affording the petitioner notice and an opportunity to be heard on the issue of exhaustion of state remedies.  See Acosta v. Artuz, 221 F.3d 117, 121-24 (2d Cir.2000) (courts may not sua sponte raise nonjurisdictional defenses without affording inmate "notice and an opportunity to be heard" relative to the proposed dismissal).  The petitioner is directed to address why this case should not be dismissed for failure to exhaust state remedies before commencing this action.  The petitioner shall file his response within **twenty-one (21)** days from the date of this Order.  Failure to file a response within the time specified will result in the dismissal of the petition.

**SO ORDERED** this 4th day of May 2012, at Bridgeport, Connecticut.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

2