UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE FELDER, | : | PRISONER CASE |
|     Petitioner | : | No. 3:12cv649 (JCH) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER, | : | MAY 22, 2012 |
|     Respondent. | : | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

In a May 7, 2012 order, the court explained that the petitioner was required to exhaust his state court remedies before commencing a federal habeas corpus action and noted that the petitioner stated only that he filed a petition for certification to the Connecticut Supreme Court. Because the petitioner did not indicate that the Connecticut Supreme Court had ruled on his petition and research revealed no reported decision on the matter, this court ordered the petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies.

In response to the order, the petitioner states that he thought he had completed the exhaustion process by filing the petition for certification. He assumed that he was not required to wait for the state court's decision, because most petitions for certification are denied.

The petitioner is incorrect. To satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This necessarily means that the petitioner must

have presented his claim in the Connecticut Superior, Appellate and Supreme Courts and afforded each of those courts the opportunity to review his claim. Including a claim in a petition for certification, but not allowing the state court an opportunity to review the petition before seeking federal review, does not afford the state court an opportunity to resolve the matter.

As the petitioner concedes that he filed this action before the Connecticut Supreme Court rendered a decision on his petition for certification, he has not exhausted his state court remedies. Accordingly, the petition is **DISMISSED** without prejudice. The petitioner may file another federal habeas corpus action after the state review process is completed.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 22nd day of May 2012.

　　　　　　　　　　　　　　　　　　　　　／s/ Janet C. Hall　　　　　　
　　　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　　　United States District Judge